**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEWEY AUSTIN BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01397 SPM |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Dewey Austin Barnett's Application to Proceed in District Court Without Prepayment of Fees and Costs and Motion for Appointment of Counsel. [ECF Nos. 2 and 3]. Plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915(h). He has, while incarcerated, brought at least three civil actions that were dismissed for one of the reasons set forth in § 1915(g).[1] Plaintiff's Complaint does not show that he is under imminent danger of serious physical injury. As a result, the Court cannot grant Plaintiff leave to proceed in forma pauperis in this action. *See* 28 U.S.C. § 1915(g); *see also Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022) ("After three strikes, a litigant loses the right to sue without prepaying the filing fee."). If Plaintiff wishes to proceed with this action, he

[1] *See, e.g., Barnett v. Fox*, 4:25-cv-0307-SPM (E.D. Mo. May 13, 2025); *Barnett II v. Fox*, 4:25-cv-1206-JSD (E.D. Mo. Aug. 27, 2025); *Barnett v. Hill,* 1:25-cv-00167-JMB (E.D. Mo. Oct. 8, 2025). *See also Barnett v. Stacey*, 4:26-cv-0088-RHH, ECF No. 10 (E.D. Mo. Mar. 16, 2026) (noting Plaintiff has three strikes).

must prepay the $405 filing fee in full. Additionally, the Court will deny Plaintiff's request for counsel without prejudice at this time. [ECF No. 2].

**THE COMPLAINT**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the State of Missouri, Governor Mike Kehoe, Attorney General Catherine Hanaway and Circuit Judge Brenda Stacey. [ECF No. 1 at 2]. He asserts that Defendant Kehoe failed to make sure "the laws of the United States [were] faithfully kept," that Defendant Hanaway "failed in [her] duty and capacity to support the oath of office she took to support the United States Constitution" and that Judge Stacey "failed in her duty and capacity to support the oath of office she took to support the United States Constitution." [ECF No. 1 at 6-8]. Plaintiff seeks monetary damages and injunctive relief in his Complaint. [ECF No. 1 at 10].

**MOTION FOR APPOINTMENT OF COUNSEL**

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has not yet paid the filing fee, and the Court is not convinced that

he has presented a non-frivolous claim for relief. If necessary, the Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, [ECF No. 3], is **DENIED** pursuant to 28 U.S.C.§ 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff must pay the $405 filing fee in full no later than **21 days from the date of this Opinion, Memorandum and Order**. If Plaintiff fails to do so, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, [ECF No. 2], is **DENIED** without prejudice at this time.

Dated this 2nd day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE